18-3500-cv
*Capstone, et al v. Navarrete, et al*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

CAPSTONE LOGISTICS HOLDINGS, INC., CAPSTONE LOGISTICS, LLC,
PINNACLE WORKFORCE LOGISTICS L.L.C.,

> *Plaintiffs-Counter-Defendants-Appellees,*                    18-3500-cv

> v.

PEDRO NAVARRETE, DAVID POFFENBERGER,
STEVEN WILLIS, MARIO ROJAS, HUMANO LLC,

> *Defendants-Counter-Claimants-Appellants.*

---

**FOR PLAINTIFFS-COUNTER-
DEFENDANTS-APPELLEES:**                    JAMES S. YU, Robert J. Carty, Jr., Robert
B. Milligan, Seyfarth Shaw LLP, New
York, NY.

**FOR DEFENDANTS-COUNTER-
CLAIMANTS-APPELLANTS:** 
MICHELLE FERBER, Jennifer R. Lucas, Stephen Moses, Ferber Law, San Ramon, CA; Eric A. Savage, Maria Cáceres-Boneau, Littler Mendelson P.C., New York, NY.

Appeal from an October 25, 2018 order of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED** in part and **REMANDED** in part.

Defendants-Counter-Claimants-Appellants Pedro Navarette, David Poffenberger, Steven Willis, Mario Rojas, and humano LLC (collectively "Appellants") challenge a preliminary injunction which, among other things, enforces a covenant restricting their ability to compete with Plaintiffs-Counter-Defendants-Appellees Capstone Logistics Holdings, Inc., Capstone Logistics, LLC, and Pinnacle Workforce Logistics L.L.C. (collectively "Appellees").

This is the second time we have reviewed a preliminary injunction in this case. On an earlier appeal, we vacated a preliminary injunction because the District Court did not provide a sufficient factual or legal basis, on the record, for the order. A year later, the District Court reinstated the preliminary injunction along with a memorandum of facts and law explaining the basis for its decision.

While the appeal was pending, Appellants filed a motion in the District Court requesting that the preliminary injunction be vacated or modified and Appellees filed a motion for summary judgment. The District Court has not yet ruled on either motion.

Accordingly, we partially remand the mandate to the District Court for prompt resolution of these motions. The preliminary injunction will remain in place until that time.

After the motions are resolved, either party may, by a letter to the Clerk of Court, reinstate the appeal using the current docket number. *See United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). The appeal shall be expedited, with the briefs by the appealing party due no later than 14 days after the request has been made to the Clerk, and with a response by the opposing party due no later than 14 days after that. Upon receipt of the briefs, the matter will be deemed submitted for decision, and the panel will then determine whether further oral argument is appropriate.

## CONCLUSION

For the foregoing reasons, we partially **REMAND** the cause to the District Court for resolution of the aforementioned motions, and we **AFFIRM** the preliminary injunction until such point as the motions are resolved.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk